IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUNICE L. MITCHELL,   )
                      ) No. 14-998
    V.                )
                      )
CAROLYN COLVIN,
COMMISSIONER OF SOCIAL
SECURITY.

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Plaintiff alleged disability since May 3, 2011, due to mental impairments, including polysubstance abuse and schizoaffective disorder. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

### A. Dr. Schiller

First, Plaintiff argues that, although the ALJ gave "significant weight" to the opinion of Dr. Schiller, a non-examining state agency psychologist, he failed to include certain of Dr. Schiller's limitations in the residual functional capacity ("RFC") assessment. Dr. Schiller, who completed the disability determination explanation at the initial level, opined that Plaintiff was moderately limited, inter alia, in interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and getting along with

2

coworkers or peers without distracting them or exhibiting behavioral extremes. The only social limitation included in the RFC was "no more than minimal contact with the public"; the RFC included no reference to supervisors or co-workers.

The ability to interact with the public, however, is not precisely the same as the ability to interact with supervisors and co-workers. See Nickens v. Colvin, No. 14-140 (W.D. Pa. Sept. 23, 2014); cf. Dye v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 62285 (E.D. Tenn. Apr. 9, 2013). The distinction is reflected in RFC assessment forms, which typically ask providers to respond to three separate queries as to a claimant's ability to interact with co-workers, supervisors, and providers. While the ALJ is not required to accept all medical opinions in crafting the RFC, he must give some reason for discounting the evidence he rejects. Ritzer v. Colvin, 2014 U.S. Dist. LEXIS 61675 (W.D. Pa. May 5, 2014). RFC assessments "must accurately convey . . . all of a claimant's credibly established limitations." Young v. Comm'r of Soc. Sec., 322 F. App'x 189, 191 (3d Cir. 2009).

Defendant points out that the ALJ observed that Plaintiff worked at a food bank for eight hours a month (apparently a mandatory work detail to maintain her rent), and serves as vice president of her tenant council for her housing project, requiring her to attend monthly meetings (which, as Plaintiff testified, she does not always attend). These de minimis activities, the ALJ concluded, "indicate greater social functioning capabilities than otherwise indicated by Plaintiff at her hearing testimony." This does not constitute adequate explanation for declining to adopt Dr. Schiller's clearly expressed moderate limitations, despite assigning his opinion significant weight. See Sherman v. Astrue, 617 F. Supp. 2d 384, 395 (W.D. Pa. 2008). Remand is justified in order for the ALJ to assess, or explain his assessment, of Dr. Schiller's social limitations that were omitted from the RFC.

B. Omitted Evidence

Plaintiff first contends that the ALJ ignored probative evidence of record, including fifteen global assessment of functioning ("GAF") scores and therapy records from Mercy Behavioral Health.

In particular, Plaintiff points to GAF scores assigned during her treatment at Mercy Behavioral Health in 2008, 2011, and 2012, ranging from 35 to 50.[1] The ALJ specifically discussed only two GAF scores, assigned by Dr. Pacella, a one-time examining consultant, and Dr. Childress-Hazen, a treating psychiatrist. Plaintiff suggests that the ALJ improperly "cherry-picked" GAF scores. I note, however, that the ALJ did not "cherry-pick" GAF scores – in other words, he did not choose to rely solely on scores that supported his finding, while ignoring low scores that conflicted with his finding. He did not accept the two scores that he specifically mentioned, which were those assigned by Drs. Pacella and Childress-Hazen. Instead, the ALJ referred to those scores only to demonstrate internal or other inconsistencies in the providers' opinions.

GAF scores are used by mental health professionals to assess "current treatment needs and provide a prognosis." Accordingly, GAF scores are competent medical evidence to be addressed by an ALJ, but do not directly correlate to the severity requirements of mental disorder Listings, or to disability. See, e.g., McLaughlin v. Astrue, 2013 U.S. Dist. LEXIS 10584, at **41-43 (W.D. Pa. Jan. 25, 2013). The failure to mention GAF scores is not necessarily error, particularly when the ALJ discusses the records containing those scores.

With respect to those records, relating to Plaintiff's visits to Mercy Behavioral Health, the ALJ cited to only one session, and only to benign findings from that session. While

---

[1] Defendant points out that many of the fifteen omitted GAF scores predated the May, 2011 date relevant to this matter. During the pertinent time periods, Plaintiff was assigned GAFs of 43, 50, 41, 45, 35, 45, and 45.

Defendant correctly points out that a therapist is not an "acceptable medical source" under applicable regulations, a therapist is an "other source." 20 C.F.R. § 404.1513(d). "Information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 SSR LEXIS 5. An ALJ is required to consider all of the relevant evidence of record, including information from "other sources." See Gray v. Colvin, 2013 U.S. Dist. LEXIS 182220, at *12 (E.D. Pa. Dec. 10, 2013). Defendant correctly points out that the therapist's notes cannot establish a medically determinable impairment. Nonetheless, neither Defendant nor the ALJ asserts that the ALJ thoroughly vetted the notes, including any GAF scores contained therein, nor explains why he did not do so. This is significant, as the ALJ found that the notes possibly reflected moderate functional impairments, and because the ALJ further relied on those records to reject the opinion of Plaintiff's treating psychiatrist.[2] Because I remand on other grounds, the ALJ should assess, or explain his assessment of, the Plaintiff's therapy notes.

### C. Credibility

Next, Plaintiff contends that the ALJ erred in discounting Plaintiff's credibility based on a mischaracterization of the record. In particular, Plaintiff avers that the ALJ should not have relied on Plaintiff's withdrawal from therapy, and that he mischaracterized her once-monthly work at a food bank and role as vice president of her tenant's association.

An ALJ's credibility determination is entitled to great deference. Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761 (3d Cir. 2009). Accordingly, courts are "particularly reluctant" to overturn an ALJ's credibility determination. Woodson v. Barnhart, 2006 U.S. Dist. LEXIS

---

[2] I do not separately address Plaintiff's contentions regarding the ALJ's evaluation of Dr. Childress-Hazen's opinion, because the ALJ may reassess or explicate his assessment of that opinion when he addresses Plaintiff's therapy records.

57853, at *10 (E.D. Pa. Aug. 14, 2006). "The Court of Appeals for the Third Circuit requires an ALJ to seriously consider a claimant's subjective complaints and give them great weight, particularly where an existing medical condition could reasonably produce symptoms alleged by such complaints; however, where the ALJ explains that there is no objective medical evidence to support such claims, and particularly where the record contradicts the subjective claims, the ALJ may properly reject the claims." Gupta v. Astrue, 2010 U.S. Dist. LEXIS 71677 (W.D. Pa. July 16, 2010). In contrast to Plaintiff's assertion, the ALJ did not equate Plaintiff's food bank and tenant association duties to the ability to work a full workweek. An inaccurate reference to the frequency of her work at the food bank does not seem to have been determinative, as the ALJ cited other reasons for discounting Plaintiff's credibility.

Related to the ALJ's credibility determination, however, I take note of the ALJ's discussion of 20 C.F.R. § 416.930, which permits the denial of benefits if a claimant has failed to follow a prescribed course of treatment. Although Plaintiff has not specifically challenged the ALJ's discussion of this issue, it is worthy of separate mention for procedural reasons: If the ALJ properly found that claimant was not disabled under that Section, any other errors might be deemed harmless. However, it is unclear that the ALJ indeed made a finding that Plaintiff was not disabled under Section 416.930. Moreover, if the ALJ intended to do so, it is unclear that the ALJ considered whether the claimant's voluntary withdrawal from therapy after February, 2012 (almost a full year after the alleged date of onset) constitutes a relevant failure to follow prescribed treatment. Contributing to the ambiguity, the ALJ observed that Plaintiff treated with her psychiatrist in May, July, August, and October of 2012, and was compliant with medications during that time. It is also unclear whether he considered her "mental…limitations" as a reason for that failure, although her treating psychiatrist attributed compliance struggles to paranoia and

severe stress intolerance.  Accordingly, I cannot find that the ALJ's discussion of 20 C.F.R.§ 416.930  provided independent grounds for denying benefits.

**CONCLUSION**

In sum, remand is required so that the ALJ may address the issues raised in the foregoing Opinion.  An appropriate Order follows.

**ORDER**

AND NOW, this 26th day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court